**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**APRIL M. BOWERS and
MICHAEL K. BOWERS,**

     **Plaintiffs,**

**v.**                      **Case No. _____**

**FAIRWAY VIEWS HOMEOWNERS
ASSOCIATION, INC.; FIRST
SERVICE RESIDENTIAL, INC.; and,
WILLIAM L.WEBSTER, Individually,**

     **Defendants.**
_____/

**COMPLAINT**

Plaintiffs, April M. Bowers and Michael K. Bowers, sue Defendants,

FAIRWAY VIEWS HOMEOWNERS ASSOCIATION, INC.; FIRST

SERVICE RESIDENTIAL, INC.; and, WILLAIM L. WEBSTER, individually,

seeking damages against Defendants for their discriminatory housing practices in

violation of the Fair Housing Act and show:

**JURISDICTION AND VENUE**

1.     This Court has original jurisdiction over Plaintiff's federal civil rights

claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 as the

Bowers vs. Fairway Views Homeowners Association et al.

Defendants are located in this District and Division and the cause of action arose therein.

3.      All conditions precedent to this lawsuit, if any, have been satisfied or waived.

## PARTIES

4.      At all times material, Plaintiffs April M. Bowers and Michael K. Bowers resided in Broward County, Florida and are members of a class of persons protected by the Fair Housing Act.  Specifically, they are the parents and/or legal guardians of, and are associated with, a minor child with multiple serious disabilities, and sought approval from Defendants of their lease to reside in the Subject Dwelling, *infra*, based largely upon the physical needs of their disabled minor daughter who lives with them.

5.      Defendant Fairway Views Homeowners Association, Inc. (Fairway) is a Florida Corporation operating in Broward County, and subject to the jurisdiction of this Court.  At all times material, Fairway was the entity responsible for the operation and management of the Fairway Views subdivision, including the creation and execution of the subdivision's Rules and Regulations and/or Bylaws and exercised the power to accept or reject applicants who sought to rent a place to live within the subdivision.

Bowers vs. Fairway Views Homeowners Association et al.

6.      Defendant First Service Residential, Inc. (First Service) is a Florida Corporation operating in Broward County, and subject to the jurisdiction of this Court.   At all times material, First Service was upon information and belief contracted by Fairway to manage the homeowners' association's business affairs, including, but not limited to, participating in the process of reviewing lease applicants and deciding whether to accept or reject them.

7.      At all times material, Defendant, William L. Webster (Webster), was a licensed Community Association Manager (LCAM), licensed as such by the State of Florida, and an employee of First Service.   Webster acted within the scope and course of his employment with First Service, as well as acted as the agent for Fairway, when communicating with prospective lessees such as the Plaintiffs and personally participating in the process of reviewing lease applicants and deciding whether to accept or reject them.

## SUBJECT DWELLING

8.      The rental property at issue is 7568 Pinewalk Drive, Margate, Florida in Broward County. It is a dwelling under the Fair Housing Act, 42 U.S.C. §3602(b).

9.      Defendant Fairway Views Homeowners Association, Inc. (Fairway) governs the subdivision where the subject property is located.

3

Bowers vs. Fairway Views Homeowners Association et al.

10.     Defendant First Service Residential, Inc. served as the property manager for Fairway during the relevant time period and employed Webster as its licensed Community Association Manager for Fairway.

## FACTUAL ALLEGATIONS

11.     Plaintiffs are the parents of a minor disabled child who suffers from cerebral palsy, cortical blindness, seizure disorder, quadriplegia, scoliosis, and is limited in her speech.

12.     At the time the Plaintiffs sought to move to the subject premises, Plaintiffs' minor child was 15 years old; however, due to her numerous disabilities, she is unable to do any basic care functions on her own but must be assisted with all care.

13.     Plaintiffs' minor child is non-ambulatory, wheelchair bound and totally dependent upon others for her care and movement.

14.     Notwithstanding her disabilities, at all times material, Plaintiffs' minor daughter attended school five days a week; at all times material to this action, she attended a special needs program at a public school for which the subject property is zoned.

15.     Plaintiffs lived with their minor, disabled child in a home they rented at 6338 NW 78 Place, Parkland, Florida from June 30, 2014 until June 2016.

Bowers vs. Fairway Views Homeowners Association et al.

16.    Plaintiffs were good tenants and enjoyed living at NW 78 Place; however, they were forced to find alternative living arrangements when the homeowner sold the property in April 2016.

17.    On or around April 21, 2016, Plaintiffs and their daughter, who is confined to a wheelchair, inspected the subject rental property at 7568 Pinewalk Drive, Margate, Florida to determine whether it would be appropriate to accommodate their family, and specifically, their daughter's needs based on her disabilities.

18.    They brought their daughter to ensure that her wheelchair would fit in the rental home and would be able to traverse through the halls and doorways.

19.    The subject property is a one level house with 3 bedrooms, 2 baths and a full garage. The property was completely tiled, with no carpet. It is located in the Fairway Views subdivision, which includes a heated community pool.

20.    Plaintiffs were excited that the subject property fit their needs: the hallways, bathroom and doors were wide enough to accommodate the wheelchair and provided sufficient room for safe transfers of their child from her wheelchair to the bed or bath; the tile permitted easier movement of the wheelchair, versus carpet which can make movement more difficult; the bedroom for their daughter was close to the master so they could respond to any medical issues in a timely fashion;

Bowers vs. Fairway Views Homeowners Association et al.

the heated community pool would provide therapeutic benefit for their daughter year round; the school bus would be able to pick up their daughter directly in front of the house; and the garage provided sufficient storage for Michael Bowers' work tools for his self-employed handyman business.

21.     Plaintiffs negotiated and signed a lease with the homeowner on April 25, 2016, with a scheduled move in date of June 15, 2016; however, Defendants had final approval of all rental leases in the subdivision. The move-in date was subsequently moved up to June 10, 2016.

22.      On or about May 25, 2016, Plaintiffs completed paperwork, an Application, required by Fairway and First Residential  for approval to live in the subject property which is subject to the covenants, rules and/or bylaws of the Fairway Views Homeowners Association.

23.     On the Application, Plaintiffs identified their two vehicles: a 2008 Nissan Frontier and 2015 GMC SUV.

24.     On May 31, 2016, Plaintiffs scheduled a "meet and greet" with the HOA's property manager, William Webster, of First Service Residential, Inc. (FSR) for June 8, 2016.

25.     On June 1, 2016, Webster informed Plaintiffs: "Vehicle information is vague. No commercial vehicles are permitted and over 2000 lbs. One of two

Bowers vs. Fairway Views Homeowners Association et al.

vehicles must fit into the garage. Please submit pictures for Board verification."

26.     That same day, April Bowers emailed Webster pictures of their vehicles and informed him that neither was a commercial vehicle.

27.     On June 2, 2016, Webster informed Plaintiffs that their Application for permission to rent the subject property had been denied because Fairways' by-laws do not permit cars weighing over 2,000 pounds and all by-laws are "strictly enforced."

28.     The stated reason for the denial was false, as almost all modern cars weigh over 2,000 pounds.  Webster knew the reason for the denial was false, as he: was aware that Fairways' bylaws were not strictly enforced, especially the 2000 pound weight restriction;  was aware that Plaintiff's vehicles were not commercial vehicles; and, was aware that homeowners within the subdivision, including the prior occupants of the Subject Dwelling, routinely failed to park even one of their two vehicles in their garage.

29.     Plaintiffs subsequently toured the subdivision that same day and took pictures of multiple trucks and SUVs of various homeowners that weigh more than 2,000 pounds and that were parked in driveways and not housed inside the home's garages.

30.     The prior tenants of the subject property used the garage solely for

Bowers vs. Fairway Views Homeowners Association et al.

storage and did not park vehicles inside the garage, so this alleged rule was not enforced against the prior tenants either.

31.     That same day, April Bowers called First Service to complain about the false reason given by Webster, acting on behalf of First Service and Fairway, for refusing to allow them to live in the home they had just leased.

32.     Subsequently, April Bowers wrote Webster to express her frustration that they were denied a lease because of their daughter's disability. Neither Webster, nor anyone else from First Service, or Fairway, ever responded.

33.     Plaintiffs were then faced with an emergent situation – they needed to find alternative housing immediately.

34.     They searched numerous properties until they were able to secure a small, 1,100 square foot apartment 1st floor apartment in their daughter's school district. Plaintiffs were compelled to sign a one-year lease and incurred application fees as well as payments for first-month and last-month rent and a security deposit.

35.     The apartment did not provide complete access for their disabled daughter and did not have room for her wheelchair. Instead, Plaintiffs had to carry their daughter from room to room.

36.     Plaintiffs' daughter had to sleep in the dining room of the small apartment, out of eyesight of their bedroom.

8

Bowers vs. Fairway Views Homeowners Association et al.

37.     The doors to the bathroom in the apartment do not accommodate their daughter's wheelchair and they were forced into a safety risk when transferring her in and out of the bathtub.

38.     The apartment complex does have a pool; however, it is not heated and is overly congested which did not provide space for their daughter to conduct physical therapy in the pool.

39.     The apartment also did not accommodate all of their belongings, and Plaintiffs had to sell belongings and store the remainder in a paid storage unit – including Michael Bower's work tools. He had to travel to the storage unit daily to acquire the necessary tools to complete his job, which added unnecessary time to his workday as well as gas for the extra commute. Additionally, Michael Bowers lost out on jobs because he did not have ready access to his tools.

40.     In addition to the above, and other material issues that affected their and their disabled daughters' well-being, the small apartment was further away from April Bowers' place of employment than the subject property (or their prior rental) thus increasing her daily commute.

### COUNT I: ASSOCIATIONAL DISCRIMINATION
### VIOLATION OF THE FAIR HOUSING ACT BY FAIRWAY VIEWS HOMEOWNER'S ASSOCIATION, INC.
### 42 U.S.C. § 3601, *et seq.*

41.     Plaintiffs re-allege the allegations contained in paragraphs 1-40.

Bowers vs. Fairway Views Homeowners Association et al.

42.   Defendant had actual knowledge that Plaintiffs' have a minor child with disabilities who would reside with them in the Subject Dwelling.

43.   Defendants refused to approve Plaintiff's lease for the subject property because of Plaintiffs' minor child's disability.

44.   Plaintiffs were willing and qualified to rent the subject property.

45.   Defendant's actions in denying Plaintiffs' lease of the subject property constitutes unlawful discrimination against Plaintiffs due to their association with their disabled minor daughter, who was going to reside in the subject property.

46.   Defendants' actions in denying Plaintiffs' lease at the subject property constitute unlawful interference with Plaintiffs' rights under the Fair Housing Act.

47.   As a direct and proximate result of Defendants' violation of the Fair Housing Act, Plaintiffs have been damaged and are entitled to the relief set forth in their Prayer for Relief.

48.   Defendants acted intentionally, willfully, maliciously and oppressively, thereby entitling Plaintiffs to an award of punitive damages to be determined by the enlightened conscience of the jury.

## COUNT II: ASSOCIATIONAL DISCRIMINATION
## VIOLATION OF THE FAIR HOUSING ACT BY FIRST SERVICE RESIDENTIAL, INC.
## 42 U.S.C. § 3601, *et seq.*

49.   Plaintiffs re-allege the allegations contained in paragraphs 1-40.

Bowers vs. Fairway Views Homeowners Association et al.

50.     Defendant, through its employees and/or agents, including specifically its designated Licensed Community Association/Property Manager, William Webster, had actual knowledge that Plaintiffs' have a minor child with disabilities who would reside with them in the Subject Dwelling.

51.     Defendant, through its employees and/or agents, participated in the decision to reject Plaintiffs' application, approved such rejection, and/or facilitated the refusal to approve Plaintiff's lease for the subject property because of Plaintiffs' minor child's disability.   Moreover, First Service, through Webster, attempted to justify the discriminatory rejection by proffering the pretextual reason that the Plaintiffs' vehicles were over the weight limit allowed by Fairway's bylaws.

52.     Plaintiffs were willing and qualified to rent the subject property.

53.     Defendant's actions set forth in paragraph 51 above, constitute unlawful discrimination against Plaintiffs due to their association with their disabled minor daughter, who was going to reside in the subject property.

54.     Defendant's actions set forth in paragraph 51 above, constitute unlawful interference with Plaintiffs' rights under the Fair Housing Act.

55.     As a direct and proximate result of Defendant's violation of the Fair Housing Act, Plaintiffs have been damaged and are entitled to the relief set forth in

Bowers vs. Fairway Views Homeowners Association et al.

their Prayer for Relief.

56.     Defendant acted intentionally, willfully, maliciously and oppressively, thereby entitling Plaintiffs to an award of punitive damages to be determined by the enlightened conscience of the jury.

## COUNT III: ASSOCIATIONAL DISCRIMINATION
## VIOLATION OF THE FAIR HOUSING ACT BY WILLIAM L. WEBSTER, LICENSED COMMUNITY ASSOCIATION MANAGER, INDIVIDUALLY
## 42 U.S.C. § 3601, *et seq.*

57.     Plaintiffs re-allege the allegations contained in paragraphs 1 - 40.

58.     Defendant, William L. Webster, a Community Association Manager (CAM) licensed by the State of Florida, Defendant, had actual knowledge that Plaintiffs' have a minor child with disabilities who would reside with them in the Subject Dwelling.

59.     Defendant, as the agent and licensed CAM for Fairway Views, participated in the decision to reject Plaintiffs' application, approved such rejection, and/or facilitated the refusal to approve Plaintiff's lease for the subject property because of Plaintiffs' minor child's disability.   Moreover Webster attempted to justify the discriminatory rejection by proffering the false and pretextual reason that the Plaintiffs' vehicles were over the weight limit allowed by the Fairway Views Homeowners Association's Bylaws.

Bowers vs. Fairway Views Homeowners Association et al.

60.    Plaintiffs were willing and qualified to rent the subject property.

61.    Defendant's actions in denying Plaintiffs' lease of the subject property constitute unlawful discrimination against Plaintiffs due to their association with their disabled minor daughter, who was going to reside in the subject property.

62.    Defendant's actions in denying Plaintiffs' lease at the subject property constitute unlawful interference with Plaintiffs' rights under the Fair Housing Act.

63.    As a direct and proximate result of Defendant's violation of the Fair Housing Act, Plaintiffs have been damaged and are entitled to the relief set forth in their Prayer for Relief.

64.    Defendants acted intentionally, willfully, maliciously and oppressively, thereby entitling Plaintiffs to an award of punitive damages to be determined by the enlightened conscience of the jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Assume jurisdiction over this action;

b) Enter a declaration that the actions of Defendants in denying housing to the Plaintiff's based on their association with their disabled minor daughter violates the Fair Housing Act and enter an injunction permanently enjoining the Defendants from any future violations of the Fair Housing Act;

Bowers vs. Fairway Views Homeowners Association et al.

c) Enter judgment against Defendants, jointly and severally, and for the Plaintiffs;

d) Award Plaintiffs their actual damages, including compensatory damages for pain and suffering, mental and emotional distress, anxiety, embarrassment and humiliation, in an amount to be determined by the enlightened conscience of the jury;

e) Award punitive damages against Defendants in an amount to be determined by the enlightened conscience of the jury to deter Defendants and others from similar misconduct in the future;

f) Award reasonable attorneys' fees, expenses and costs of litigation pursuant to 42 U.S.C. § 3613(c)(2);

g) Award pre and post-judgment interest;

h) Award such other relief as this Court deems just and proper.

[This space intentionally left blank.]

14

Bowers vs. Fairway Views Homeowners Association et al.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this   4th   day of  January, 2018

_____/s/_____
Ephraim R. Hess
Florida Bar No. 983100
The Hess Law Firm
205 Davie Boulevard
Fort Lauderdale, Florida 33315
954.585.8599
erh@thehessfirm.com

Counsel for Plaintiffs